UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE ANTROBUS,

                Plaintiff,

-against-

REPARATIONS; NEW YORK CITY, NEW YORK STATE; USA; N.Y.P.D.; NEW YORK POLICE DEPT.; UNITED STATES OF AMERICA,

                Defendants.

1:23-CV-5757 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Andre Antrobus, who is currently held in the Otis Bantum Correctional Center on Rikers Island, filed this *pro se* action seeking damages against what the Court understands to be the following defendants: (1) "Reparations"; (2) the City of New York; (3) the State of New York; (4) the New York City Police Department ("NYPD"); and (4) the United States of America.[1] Plaintiff does not specify the legal basis on which he filed this action. The Court construes Plaintiff's complaint as asserting claims for damages under 42 U.S.C. § 1983 and under state law against the State of New York, the City of New York, and the NYPD, and claims under the Federal Tort Claims Act against the United States of America. Since "Reparations" is not an entity that can be sued, the Court dismisses Plaintiff's claims against that defendant as frivolous.

        By order dated August 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court

---

[1] Plaintiff filed his complaint while held in the Anna M. Kross Center on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismisses this action, but grants Plaintiff leave to file an amended complaint to replead the specified claims.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.*

But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

While the complaint is clear that Plaintiff seeks damages, it is unclear as to the allegations that form the bases of Plaintiff's claims. Plaintiff seems to: (1) seek reparations for the legacy of slavery and injustices suffered by African Americans in this country; (2) assert claims arising from his 2022 arrest by NYPD officers in Brooklyn and what appears to be the State of New York's ongoing prosecution of him in the New York Supreme Court, Kings County; and (3) assert claims arising from his conditions of confinement in Rikers Island facilities.

## DISCUSSION

### A.   The United States of America

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as a federal agency, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court understands Plaintiff's claims against the United States of

America as brought under the Federal Tort Claims Act ("FTCA"), which provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

To the extent that Plaintiff asserts claims for damages under the FTCA, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before

4

bringing this action; he has also not alleged facts showing that it has been more than six months since he has filed such an administrative claim. Accordingly, any claims for damages that Plaintiff wishes to pursue against the United States of America in this action are not permissible under the FTCA, and the Court dismisses those claims under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

**B.      The State of New York**

The Court must dismiss Plaintiff's claims under Section 1983 against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 against the State of New York.

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the State of New York under the doctrine of Eleventh Amendment immunity, *see* § 1915(e)(2)(B)(iii), and consequently, for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district

5

court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

C.    **The NYPD and the City of New York**

The Court must dismiss Plaintiff's claims against the NYPD because, as an agency of the City of New York, it is not any entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court must also dismiss Plaintiff's claims under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy,

custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege any facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts to state a claim under Section 1983 against the City of New York.

### D.     Individual defendants

The Court understands that Plaintiff may be attempting to assert claims under Section 1983 against individual NYPD officers or individual members of the correction staffs of Rikers Island facilities. To state a claim under Section 1983 against such an individual, a plaintiff must allege facts showing that the individual was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names no individuals as defendants, and alleges no facts showing how any individual NYPD officer or member of the correction staff of a Rikers Island facility was directly and personally involved in violations of his federal constitutional rights. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he names individual NYPD officers or members of the correction staffs of Rikers Island facilities as defendants and alleges facts showing those defendants' direct and personal involvement in the alleged violations of his constitutional rights.

E.  **Rule 20 of the Federal Rules of Civil Procedure – Limits on Joinder of Claims**

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). A plaintiff may not pursue unrelated claims against multiple defendants. *See, e.g.*, *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (alterations in original))).

The Court warns Plaintiff that his claims arising from his 2022 arrest by NYPD officers in Brooklyn and the State of New York's prosecution of him in the New York Supreme Court, Kings County, are unrelated to his claims arising from his conditions of confinement at Rikers Island facilities. If Plaintiff elects to file an amended complaint, it must comply with Rule 20(a)(2); thus, the claims asserted in it must be related. In other words, if Plaintiff decides to file

an amended complaint, he must choose whether to assert claims in it arising from his 2022 arrest by NYPD officers and his prosecution by the State of New York in the New York Supreme Court, Kings County, or claims in it arising from his conditions of confinement in Rikers Island facilities; he cannot assert all of those claims in one action.[3]

## CONCLUSION

The Court dismisses this action, but grants Plaintiff 60 days' leave to file an amended complaint in which to replead those claims that the Court has granted him leave to replead. If Plaintiff fails to file an amended complaint within the time allowed, and fails to show cause to excuse such failure, the Court will enter judgment dismissing Plaintiff's claims under federal law for the reasons set forth in this order, and declining to consider, under its supplemental jurisdiction, his claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[3] If Plaintiff decides to assert claims in his amended complaint arising from his 2022 arrest by NYPD officers in Brooklyn and his prosecution by the State of New York in the New York Supreme Court, Kings County, he should allege facts showing why this court, as opposed to the United States District Court for the Eastern District of New York, is a proper venue or, if this court is a proper venue, why it is the most appropriate venue for this action, as Kings County (New York City Borough of Brooklyn) lies within the Eastern District of New York. *See* 28 U.S.C. §§ 112(c); 1391(b)(2); 1404(a); 1406(a).